# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| BSG TECH LLC,<br><br>　　　Plaintiff<br><br>v.<br><br>AUTOZONE, INC.,<br><br>　　　Defendant. | § § § § § § § § § | **CIVIL ACTION NO. 2:16-CV-529<br>(LEAD CASE)** |
| BSG TECH LLC,<br><br>　　　Plaintiff<br><br>v.<br><br>BUYSEASONS, INC.<br><br>　　　Defendant. | § § § § § § § § § | **CIVIL ACTION NO. 2:16-CV-530** |
| BSG TECH LLC,<br><br>　　　Plaintiff<br><br>v.<br><br>RAKUTEN COMMERCE, LLC<br><br>　　　Defendant. | § § § § § § § § § | **CIVIL ACTION NO. 2:16-CV-532** |

## <u>ORDER</u>

Before the Court are Defendant BuySeasons, Inc.'s ("BuySeasons") Motion to Dismiss for Failure to State a Claim (Docket No. 9 in Case No. 2:16-cv-530)[1] and Defendant Rakuten Commerce, LLC's ("Rakuten") Notice of Joinder (Docket No. 48 in Case No. 2:16-cv-529) to Defendant Staples, Inc.'s [2] ("Staples") Motion to Dismiss for Failure to State a Claim (Docket No.

---

[1] All citations to the docket refer to Case No. 2:16-cv-530 unless otherwise noted.
[2] Staples was dismissed from this action on February 22, 2017. Prior to that dismissal, Staples's Motion to Dismiss

9 in Case No. 2:16-cv-533).[3]  On February 17, 2017, the Court heard argument on these motions. Docket No. 66 in Case No. 2:16-cv-529.  Based on the briefing and argument, and for the reasons below, the Defendants' Motions are **GRANTED**.

## BACKGROUND

BSG Tech LLC ("BSG") filed a complaint against Defendants alleging infringement of U.S. Patent Nos. 6,035,294 ("the '294 Patent"), 6,195,652 ("the '652 Patent") and 6,243,699 ("the '699 Patent") (collectively, the "Asserted Patents").  The '294 Patent is entitled "Wide Access Databases and Database Systems."  BSG asserts that Defendants infringe claims 10–11:

> 10. A method of indexing an item on a database, comprising:
> providing the database with a structure having a plurality of item classifications, parameters, and values, wherein individual parameters are independently related to individual item classifications, and individual values are independently related to individual parameters;
> guiding the user in selecting a specific item classification for the item from the plurality of item classifications;
> storing the item on the database as a plurality of user-selected item classification/parameter value combinations; and
> guiding the user in selecting at least one of (a) the parameters of the combinations by displaying relative historical usage information for a plurality of parameters previously used by other users, and (b) the values of the combinations by displaying relative historical usage information for a plurality of values previously used by other users.
>
> 11. The method of claim 10 further comprising:
> guiding the user in selecting the parameters of the combinations by displaying relative historical usage information for a plurality of parameters previously used by other users with respect to the specific item classification; and
> guiding the user in selecting the values of the combinations by displaying relative historical usage information for a plurality of values previously used by other users with respect to corresponding item classifications and parameters.

'294 Patent, col. 11:39–12:8.

---

was joined by Rakuten.  Docket No. 48 in Case No 2:16-cv-529.  The parties agree that despite Staples's dismissal and BSG's filing of an amended complaint, the motions to dismiss filed by BuySeasons and Staples are still ripe. Docket No. 72 in Case No 2:16-cv-529.
[3] BuySeasons's and Staples's motions are substantially the same and are addressed as one in this Order.

The '652 Patent is entitled "Self-Evolving Database and Method of Using Same" and is a continuation-in-part of the application that led to the '294 patent. BSG asserts that Defendants infringe claim 9:

> 9. A self-evolving database system having a predefined structure, comprising:
> a data structure that stores goods and services as combinations of item classifications, parameters, and values, wherein at least some of the classifications, parameters, or values used to describe different items vary over time, where end users can add additional parameters without modifying the predefined structure of the database; and
> at least one data interface that guides the end users in their choices of the combinations by displaying summary comparison usage information derived from the choices of previous users.

'652 Patent, col. 18:33–45.

The '699 Patent is entitled "Systems And Methods Of Indexing And Retrieving Data." The '699 Patent is a divisional of application that led to the '294 Patent, and the patents thus have identical specifications. BSG asserts that Defendants infringe claims 1–4:

> 1. A method of indexing and retrieving data being posted by a plurality of users to a wide area network, comprising:
> providing the users with a mechanism for posting the data as parametized items;
> providing the users with listings of previously used parameters and previously used values for use in posting the data;
> providing the users with summary comparison usage information corresponding to the previously used parameters and values for use in posting the data; and
> providing subsequent users with the listings of previously used parameters and values, and corresponding summary comparison usage information for use in searching the network for an item of interest.
>
> 2. The method of claim 1 in which the users can add a new parameter to the previously used parameters.
>
> 3. The method of claim 1 in which the users can add a new value to the previously used values.
>
> 4. The method of claim 1 further comprising providing the users with a classification system for use in posting the data.

'699 Patent, col. 10:64 – 12:4.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a complaint that does not state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state a plausible claim, Plaintiff must plead facts sufficient to allow the Court to draw a reasonable inference that Defendants are liable for the alleged patent infringement. *See id*. (citing *Twombly*, 550 U.S. at 556). At this stage, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the Plaintiff. *Bustos v. Martini Club, Inc*., 599 F.3d 458, 461 (5th Cir. 2010).

Federal Rule of Civil Procedure 56(c) authorizes a Court to grant summary judgment where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." A party moving for summary judgment must satisfy its initial burden by showing that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986).

Patent eligibility under § 101 is an issue of law, but the legal conclusion may contain underlying factual issues. *Accenture Global Servs., GmbH v. Guidewire Software, Inc.*, 728 F.3d 1336, 1340–41 (Fed. Cir. 2013). The Supreme Court has established a two-part test for patent eligibility. *Alice Corp. Pty. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014). In determining whether a claim is patent-ineligible under *Alice*, the Court must "first determine whether the claims at issue are directed to a patent-ineligible concept." *Id.* Claims directed to software inventions do not automatically satisfy this first step of the inquiry. *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016). Rather, "the first step in the *Alice* inquiry . . . asks whether the focus

of the claims is on [a] specific asserted improvement in computer capabilities . . . or, instead, on . . . an 'abstract idea' for which computers are invoked merely as a tool." *Id.* at 1335–36.

If the Court determines that the claims are directed to an abstract idea, it must then determine whether the claims contain an inventive concept sufficient to transform the claimed abstract idea into a patent-eligible application. *Alice*, 134 S. Ct. at 2357. An inventive concept is "some element or combination of elements sufficient to ensure that the claim in practice amounts to 'significantly more' than a patent on an ineligible concept." *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1255 (Fed. Cir. 2014). The Court "consider[s] the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application." *Alice*, 134 S. Ct. at 2355 (internal quotation marks omitted). Even if each claim element, by itself, was known in the art, "an inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces." *Bascom Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350.

## ANALYSIS

As a preliminary matter, BSG argues that the Court should deny Defendants' § 101 motions because they rely on faulty claim constructions and raise disputes that should be resolved only after the Court has issued a claim construction order. Docket No. 16 at 29–30. BSG provides the following constructions of claim terms and states that, under these constructions, BSG must prevail:

| Claim Term | BSG's Construction |
|---|---|
| user | "end user not in a role as a programmer, or system developer or designer" |
| usage information | "information relating to occurrence, absolute or relative frequency, or any data which indicates the extent of past usage" |
| predefined structure | "structure that cannot be modified by an end user" |

Docket No. 16 at 10–11. BSG further states that Defendants misconstrue the terms "database" and "classification" in their motion because computers do not require databases and because classifications do not have to be hierarchical. *Id*. at 11–12. BSG also argues that the Court should deny the motions because BSG has raised factual issues supported by a declaration made by James Barnett, a computer software expert, that BSG attached as an exhibit to its brief in opposition. *Id*. at 2; *see* Docket No. 16-5.

Defendants argue that the Court should strike the Barnett Declaration and that even under BSG's proposed claim constructions, the patents are still directed to ineligible subject matter. Docket No. 18 at 1–2. At the hearing, BSG and Defendants agreed that, should the Court choose to consider the Barnett Declaration, this motion should be treated as a summary judgment motion. Docket No. 77 at 5:11–14; 44:24–45:2. Defendants further stated at the hearing that they accept BSG's constructions for the purpose of the motion. *Id.* at 4:24–5:1. The Court has considered the Barnett Declaration and therefore converts the motion to dismiss to a summary judgment motion. Fed. R. Civ. P. 12(d). Further, the Court accepts BSG's claim constructions for purposes of this motion.

### A. *Alice* Step One

Defendants argue that the Asserted Claims are directed to the abstract idea of "classifying and parameterizing information." Docket No. 9 at 1. Defendants contend that while the proposed

abstract idea is broad, it is appropriate due to the breadth of the claims. Docket No. 18 at 4. According to Defendants, the claims here are similar to the claims in *Cyberphone Systems, LLC v. CNN Interactive Group, Inc.*, 558 F. App'x 988, 992 (Fed. Cir. 2014), which the Federal Circuit found were directed to the abstract idea of classifying information. Docket No. 9 at 10. Defendants argue that the claims here contain no restrictions on how the result—a database with historical usage information for parameters—is accomplished and lack the language describing the structure of the database provided in *Enfish*. *Id.* at 14. Further, Defendants state that the claims provide no improvement in how the database functions, but only add historical usage information to a generic database and display that information to users. *Id.* at 12–13. Finally, Defendants argue that the abstract idea here is analogous to a library card catalog where users input new cards by first looking at a master list of all books already cataloged and then choosing how to label the book on the new card based on the way previous cards were labeled. *Id* at 16.

BSG argues that the alleged abstract idea proposed by Defendants is improper because of its high level of abstraction and because it is untethered from the claims. Docket No. 16 at 16. BSG states that (1) the claims of the '294 Patent are directed to "a method of using an improved database with a specific structure and functionality that guides certain user selections by displaying historical usage information"; (2) the claims of the '699 Patent are directed to "a method of both posting item information and searching for an item on an improved database when provided information"; and (3) the claims of the '652 Patent are directed to "a self-evolving database for storing and retrieving marketplace information on multiple types of items." *Id.* at 3–8. BSG argues that the claimed invention improves computer functionality by improving the quality and organization of item information input into the database and improving the functionality of the database and connected applications. *Id.* at 19. BSG states that the claims accomplish this

improvement by encouraging users to be consistent in selecting parameters and data values by showing them historical user information. *Id*. at 23–24.

The Court finds that the asserted claims are directed to the abstract idea of considering historical usage information while inputting data. Claim 10 of the '294 Patent describes "indexing an item on a database" by "providing the database with a structure" of classifications, parameters and values, and then guiding the user in selecting specific classifications, parameters or values by displaying historical usage information. '294 Patent, col. 11:39–58. The other asserted claims all similarly recite databases or methods of indexing databases where users are guided to input items based on historical or summary usage information. *See id.* at col. 11:59–12:8; '652 Patent, col. 18:33–45; '699 Patent, col. 10:64–12:4. Unlike the claimed idea in *Enfish*, the claimed idea here is not directed to an improvement in computer functionality, but "represents [a] routine task[] that could be performed by a human." *See eDekka v. 3balls.com*, 2015 WL 5579840, at *4 (E.D. Tex. Sept. 21, 2015). As Defendants note, the claimed invention is similar to the inputting of cards into a library catalog. Because the claim can be performed by the human mind or by using pen and paper, the claim is directed to an abstract idea. *See CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1372 (Fed. Cir. 2011).

### B. *Alice* Step Two

Because the asserted claims are directed toward an abstract idea, the Court must next determine whether an inventive concept exists sufficient to transform the claims into patent-eligible subject matter. Such transformation requires more than simply stating the abstract idea "while adding the words 'apply it.'" *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 72 (2012). Here, the Court finds that no such an inventive concept exists to transform the Asserted Claims into patent-eligible subject matter.

Defendants argue that the claim limitations are tied to generic computers and databases and therefore fall short of an inventive concept. Docket No. 16 at 18. Defendants state that the '652 Patent specification explicitly states that general purpose computers can be used to implement the invention. *Id*. Defendants further argue that the "data structure" of claim 9 of the '652 Patent adds no meaningful limitation, as it simply "stores goods and services" and organizes them in the same conventional way that is used in library catalogs. *Id*. at 18–19. The claim's recitation of a database therefore adds nothing more than the storage ability of a generic database, according to Defendants. *Id*. Defendants also argue that the additional requirement of a "wide area network" in claim 1 of the '699 Patent refers only to the internet and therefore cannot transform the abstract idea into eligible subject matter. *Id*. at 21 (citing *Ultramercial, Inc. v. Hulu, LLC*, 772 F.3d 709, 714 (Fed. Cir. 2104)). Defendants finally argue that the dependent claims add very little that is not already claimed in the independent claims and do nothing more than display the items of the database in different, conventional ways or allow the user to add to the database. *Id.* at 22–25.

BSG argues that the Asserted Claims contains several material, non-generic limitations, both individually and as an ordered combination, that render the claims patent-eligible under § 101. Docket No. 16 at 24. BSG states that claim 10 of the '294 Patent requires that the database have a specific structure to store the information and that user selections be guided by displaying or listing historical user information. *Id*. at 25. BSG contends that these are non-generic limitations that can be designed around and that improve the functioning of the database by creating consistency in the inputted information. *Id.* Similarly, BSG argues that the method in claim 1 of the '699 Patent requires a specific structure that must be designed to store parameters and values and also requires that users are provided with usage information. *Id*. at 26. BSG contends that Claim 9 of the '652 Patent includes the non-generic limitations of claim 10 of the

'294 Patent and also requires that some classifications, parameters or values vary over time, which BSG argues is another material, non-generic limitation. *Id.* at 27.

None of the limitations of the Asserted Claims provides an inventive concept. Claim 10 of the '294 Patent requires a database that includes classifications, parameters and values. Using BSG's own proposed constructions, this limitation amounts to nothing more than the "well-known concept of categorical data storage." *Cyberfone*, 558 F. App'x at 992. The only other limitation that BSG identifies as inventive is the display of historical usage information to guide user selections of parameters or values. This "guiding" limitation also fails to add an inventive concept, as it adds nothing more than an instruction to apply the abstract idea of considering historical usage information. *See Mayo*, 66 U.S. at 72. Further, because the combination of these limitations simply uses a generic database to implement the abstract idea, it does not add an inventive concept. *Alice Corp.*, 134 S.Ct. at 2359.

The other independent claims, claim 9 of the '652 Patent and claim 1 of the '699 Patent, also fail to add an inventive concept. BSG admits that the data structure, the "guiding," and the use of historical usage information found in claim 10 of the '294 Patent, analyzed above, provide the same benefits as the similar limitations in claim 9 of the '652 Patent and claim 1 of the '699 Patent. Docket No. 16 at 26–28. Claim 9 of the '699 patent adds only the generic limitation that some classifications, parameters, or values vary over time. BSG identifies no additional limitations in claim 9 of the '652 Patent that are not present in Claim 10 of the '294 Patent.

Finally, the dependent claims also fail to provide an inventive concept. Claim 11 of the '294 Patent depends from claim 10 and adds only the requirement that the user is provided with historical usage information for *both* parameters and values. This fails to add an inventive concept for the same reason that providing historical usage information for *either* parameters or values fails to add any inventive concept. Claims 2–4 of the '699 Patent depend from claim 1 and add only

limitations that are present in independent claim 10 of the '294 Patent. These limitations are generic for the same reasons that the limitations in claim 10 are generic.

Because each Asserted Claim is directed to an abstract idea and does not contain an inventive concept, the Court concludes that the Asserted Claims fall outside the scope of patentable subject matter defined by § 101.

## CONCLUSION

For the reasons listed above, the Court finds that the Asserted Claims are drawn to ineligible subject matter under 35 U.S.C. § 101. Accordingly, it is

**ORDERED** that Defendant BuySeasons's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) for Failure to State a Claim (Docket No. 9 in Case No. 2:16-cv-530) and Defendant Rakuten's Notice of Joinder in Staples's Motion to Dismiss (Docket No. 48 in Case No. 2:16-cv-529), which the Court has converted into motions for summary judgment, are hereby **GRANTED**. It is further

**ORDERED** that all claims asserted by Plaintiffs in Case No. 2:16-cv-530 and Case No. 2:16-cv-532 are hereby **DISMISSED WITH PREJUDICE**, and the Clerk is directed to close these cases.

Further, because all defendants have been dismissed from the lead case, Case No. 2:16-cv-529, the Clerk is also directed to close this case.

**SIGNED this 30th day of March, 2017.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE